IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AUSTIN BRADY, On Behalf of Himself and All Others Similarly Situated, <br><br> *Plaintiff*, <br><br> v. <br><br> DJGN INDY, LLC d/b/a TONY'S OF INDIANAPOLIS, <br><br> *Defendant*. | COLLECTIVE AND CLASS ACTION <br><br> CASE NO. 1:22-cv-1381 <br><br> JURY DEMAND |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff Austin Brady ("Plaintiff") and all other similarly situated employees work or worked for Defendant DJGN INDY, LLC d/b/a Tony's of Indianapolis ("Defendant") at its restaurant located in Indianapolis, Indiana.

2. Plaintiff, individually and on behalf of all others similarly situated, brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, et seq., to recover unpaid minimum and overtime wages owed to Plaintiff and all other similarly situated workers employed by Defendant; and (b) a Rule 23 class action under Indiana state law, including the Indiana Wage Payment Statute ("IWPS"), I.C. § 22-2-5-1, *et seq*.

**II. PARTIES**

**A.    Plaintiff**

3. Plaintiff Brady is a resident of Indianapolis, Marion County, Indiana.

4. Defendant employed Plaintiff as a server at its Tony's Steaks & Seafood restaurant in Indianapolis, Indiana from approximately December 2021 through June 2022.

5. During his employment as a server, Plaintiff received hourly wages from Defendant less than both the federal and Indiana minimum wage rates plus tips.

**B.  Defendant**

6. Defendant DJGN Indy, LLC is an Indiana limited liability company doing business within this judicial district at 110 W. Washington Street, Indianapolis, Indiana 46204.

7. Defendant's principal office address is 6405 Branch Hill Guinea Pike, Suite 203, Loveland, OH, 45140.

8. Defendant's registered agent is Cogency Global, Inc. who can be served at 9221 Crawfordsville Road, Indianapolis, Indiana 46234.

9. Defendant is owned and operated by Tony Ricci.

10. Defendant has at all relevant times been an employer within the meaning of the FLSA.

11. Defendant has at all relevant times been an employer within the meaning of the IWPS.

### III.  FACTS

**A. Defendant's pay policy and practice of deducting its Tipped Employees' tips to pay management.**

12. Plaintiff and those he seeks to represent in this action are current and former employees of Defendant at its Tony's Steaks & Seafood restaurant ("Tony's") in Indianapolis, Indiana, who earned less than the applicable federal and Indiana minimum wage rates per hour and received customer tips ("Tipped Employees"). Tipped Employees include, but may not be limited to, servers and bartenders.

13. At all relevant times, Defendant paid Plaintiff and other Tipped Employees an hourly wage below the federal and state minimum wage of $7.25 per hour.

14. Defendant purported to utilize a tip credit for each hour worked by Plaintiff and other Tipped Employees to comply with the minimum wage obligations under the FLSA and IWPS.

15. From the inception of its restaurant in Indianapolis until approximately April 2022, Defendant had a policy and practice of requiring Plaintiff and other Tipped Employees to contribute a portion of the tips they received from customers to a tip pool that was distributed to other employees, which included management employees.

16. The management employees who received a portion of the tip pool included what Defendant referred to as the "Maître D'".

17. At the end of each shift worked by a Tipped Employee during the period of time from the inception of Defendant's restaurant in Indianapolis to approximately April 2022, Tipped Employees were required to complete a "Server Cashout Sheet," which demonstrates how tips were pooled by Defendant during this time period.

18. An example of such Server Cashout Sheet, dated March 16, 2022, is attached hereto as Exhibit A.

19. Remitting tips to other employees, including management, was not voluntary; rather, it was a condition of employment and, therefore, mandatory.

20. Defendant received the benefit of these tips paid to management employees at the expense of Plaintiff and other Tipped Employees, who earned the tips.

21. Defendant knew or should have known that its compensation practices and policies for Tipped Employees violate the FLSA and IWPS.

**B. Defendant, through its owner, Tony Ricci, actively discouraged its employees from exercising their rights to challenge the legality of the pay policy and practice at issue in this lawsuit.**

22. On or about April 4, 2022, Defendant held a meeting that Tipped Employees at its Indianapolis restaurant were required to attend.

23. Defendant's owner, Tony Ricci, led this meeting and addressed the Tipped Employees.

24. During this meeting, Mr. Ricci explained to the Tipped Employees, including Plaintiff, that employees who worked at the Tony's Steak & Seafood restaurants in Lexington, Kentucky, which he also owns, had brought lawsuits challenging the same pay policy and practice at issue in this lawsuit.

25. During this meeting, Mr. Ricci urged the Tipped Employees at Defendant's Indianapolis not to take any legal action.

26. During this meeting, Mr. Ricci made several threatening and discouraging statements, including threatening that there would be consequences with the Internal Revenue Service that the Tipped Employees would face if they did exercise their right to take legal action against Defendant or action to recover wages owed to them under the FLSA or IWPS.

27. During this meeting, Mr. Ricci shared advice that his lawyers had given him concerning relevant facts to this litigation and their legal analysis of claims brought in the lawsuits involving Tipped Employees at Defendant's affiliated restaurants in Lexington, Kentucky, and Cincinnati, Ohio.

28. Mr. Ricci shared this legal advice in an effort to discourage the Tipped Employees who had worked at Defendant's Indianapolis restaurant from taking legal action under the FLSA and IWPS.

29. As a result of this meeting, Tipped Employees, including Plaintiff Brady, were intimidated and discouraged from taking legal action to exercise their rights under the FLSA and

IWPS.

30. During this meeting, Mr. Ricci acknowledged the existence of the policy of sharing Tipped Employees' earned tips with management at all of the Tony's restaurants, including the Indianapolis restaurant.

31. During this meeting, Mr. Ricci announced that he had changed the policy of sharing the Tipped Employees' earned tip with management, including the Maître D'.

32. During this meeting, Mr. Ricci also announced that he would begin a new policy of deducting the Tipped Employees tips to pay credit card processing fees.

33. Following this meeting, Defendant ceased using the "Server Cashout Sheet," and began using a "Server Team Closing Sheet" for Tipped Employees to divide earned tips.

34. This "Server Team Closing Sheet" did not include sharing tips with management employees.

35. A copy of an example of this "Service Team Closing Sheet" is attached hereto as Exhibit B.

36. During this meeting, Mr. Ricci explained to the Tipped Employees that he had conducted a similar meeting with employees of Defendant's affiliated restaurant in Cincinnati, Ohio.

37. During this meeting, Mr. Ricci noted that he would conduct a similar meeting to the one connected with Tipped Employees with the employees of Defendant's affiliated restaurant in Lexington, Kentucky.

### IV.  COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff asserts his FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following similarly situated employees:

> All current and former Tipped Employees (as defined herein) of Defendant at its Indianapolis, Indiana restaurant at any time from April 4, 2019 to April 4, 2022 (or the last date when Tipped Employees' earned tips were shared with management).

(the "Collective Class").

39. Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and the Collective Class, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

40. Plaintiff also asserts his wage claims under IWPS on behalf of the Collective Class, in the alternative to the class action claims under these provisions brought on behalf of the Rule 23 Class.

## V. CLASS ACTION ALLEGATIONS

41. Plaintiff brings his IWPS and unjust enrichment claims on his own behalf and, pursuant to Fed. R. Civ. P. 23, on behalf of the following class of individuals:

> All current and former Tipped Employees (as defined herein) of Defendant at its Indianapolis, Indiana restaurant at any time from April 4, 2020 to April 4, 2022 (or the last date when Tipped Employees' earned tips were shared with management).

(the "Rule 23 Class").

42. Plaintiff is a member of the Rule 23 Class he seeks to represent.

43. Defendant has employed dozens of individuals as Tipped Employees at its Indianapolis, Indiana, restaurant. Thus, the Rule 23 class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

44. Plaintiff and the members of the Rule 23 Class share the same pivotal questions of law and fact, satisfying Fed. R. Civ. P. 23(a)(2). For example, Plaintiff and the members of the Rule 23 Class he seeks to represent are subject to the same compensation and tip policies. As a result, the Rule 23 Class shares several factual and legal questions, including, for example:

(1) whether Defendant requires Tipped Employees to remit tips to a tip pool from which proceeds are shared with other employees; and (2) whether Defendant requires Tipped Employees to remit tips to their employer.

45. Plaintiff's claims are typical of the claims of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(3). Defendant's violation of the minimum wage, overtime wage, and other requirements of the IWPS and common law of unjust enrichment is not the result of any Plaintiff-specific circumstances. Rather, it arises from Defendant's common pay policies and practices, which Defendant applied generally to all its Tipped Employees, including Plaintiff. Thus, in advancing his own claims, Plaintiff will also be advancing the claims of the Rule 23 Class.

46. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(4). Plaintiff's interests are shared with the Rule 23 Class and Plaintiff has no interests that conflict with those of the Rule 23 Class. Furthermore, Plaintiff has retained competent counsel experienced in representing classes of employees against their employers related to their employer's failure to pay them properly under the law.

47. By failing to pay Tipped Employees all required minimum and overtime wages pursuant to its common pay practices and policies, Defendant has created a scenario where questions of law and fact common to the Rule 23 Class predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for the fair and efficient adjudication of this matter. Plaintiff is entitled to pursue his claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## VI.  CAUSES OF ACTION

### COUNT I:
### VIOLATION OF THE MINIMUM WAGE REQUIREMENTS OF THE FLSA

48. All previous paragraphs are incorporated as though fully set forth herein.

49. Plaintiff asserts this claim on behalf of himself and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

50. Plaintiff and the Collective Class are employees entitled to the FLSA's protections.

51. Defendant is an employer covered by the FLSA.

52. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

53. While employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

54. The FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

55. Employers may not take a tip credit if they violate the prohibition against unlawfully retaining any portion of their employees' tips. *E.g.*, 29 U.S.C. § 203(m)(2); 29 C.F.R. §§ 531.54, 531.59.

56. Here, by unlawfully keeping employees' tips and permitting management and supervisors to keep employees' tips, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum wage obligations.

57. As such, Defendant has violated the FLSA by failing to pay Plaintiff and the members of the Collective Class for all time worked at $7.25 per hour.

58. Plaintiff and members of the Collective Class are entitled to recover all unpaid minimum wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

59.     In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II:
## VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA

60.     All previous paragraphs are incorporated as though fully set forth herein.

61.     Plaintiff asserts this claim on behalf of himself and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

62.     Plaintiff and the Collective Class are employees entitled to the FLSA's protections.

63.     Defendant is an employer covered by the FLSA.

64.     The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. 29 U.S.C. § 207.

65.     Plaintiff and members of the Collective Class employed by Defendant have worked over 40 hours in a workweek paid at a lower tipped hourly rate.

66.     While employers may utilize a tip credit to satisfy their overtime obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

67.     The FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

68.     Employers may not take a tip credit if they violate the prohibition against unlawfully retaining any portion of their employees' tips. *E.g.*, 29 U.S.C. § 203(m)(2); 29 C.F.R. §§ 531.54, 531.59.

69.     Here, by unlawfully keeping employees' tips and permitting management and

supervisors to keep employees' tips, Defendant has forfeited its right to utilize the tip credit in satisfying its overtime obligations.

70. As such, Defendant has violated the FLSA by failing to pay Plaintiff and members of the Collective Class for all time worked in excess of 40 hours in a workweek at $10.88 per hour.

71. Plaintiff and members of the Collective Class are entitled to recover all unpaid overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

72. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT III:
## UNLAWFUL RETENTION OF TIPS UNDER THE FLSA

73. All previous paragraphs are incorporated as though fully set forth herein.

74. Plaintiff asserts this claim on behalf of himself and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

75. Plaintiff and the Collective Class are employees entitled to the FLSA's protections.

76. Defendant is an employer covered by the FLSA.

77. The FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

78. Defendant has violated this provision by keeping tips received by Plaintiff and members of the Collective Class and by allowing managers and supervisors to keep a portion of those tips.

79. Plaintiff and members of the Collective Class are entitled to recover these unlawfully retained tips, an equal amount of liquidated damages, and attorneys' fees and expenses,

pursuant to 29 U.S.C. § 216(b).

80. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT IV:
## VIOLATION OF THE VIOLATION OF THE INDIANA WAGE PAYMENT STATUTE, I.C. § 22-2-5-1, *et seq.*

81. All previous paragraphs are incorporated as though fully set forth herein.

82. Plaintiff asserts this claim on behalf of himself and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

83. In the alternative, Plaintiff asserts this claim on behalf of himself and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

84. Defendant violated the Indiana Wage Payment Statute ("IWPS"), I.C. § 22-2-5-1, et seq., by failing to pay Plaintiff and all other similarly situated employees the amounts due for all wages to which they are entitled by operation of law.

85. By law, Plaintiff and all other similarly situated employees are due to be paid $7.25 per hour for all regular time worked (time up to 40 hours per week), and $10.875 for all overtime worked (time in excess of 40 hours per week).

86. Defendant paid Plaintiff and others similarly situated below the federal minimum wage rate without complying with the "tip credit" rules required for an employer to pay less than the federal minimum wage. See 29 U.S.C. § 203(m)(2); 29 C.F.R. § 531.59(b).

87. In particular, Plaintiff and other similarly situated tipped employees' earned tips that were deducted by Defendant to pay members of Defendant's management. This was done by an illegal tip pool that was mandated and controlled by Defendant, its ownership, and its management.

88. Thus, by law, Defendant was not permitted to claim a tip credit, thereby bringing Plaintiff and all similarly situated employees' wages below the FLSA minimum for regular hours and overtime hours worked.

89. Plaintiff and all other similarly situated employees seek to recover under the IWPS the difference between what they were paid by Defendant and the amount to which they were entitled by law. Plaintiff and all other similarly situated employees do not seek recovery of any further amounts they may be owed under any collective bargaining agreement or any other potential source of entitlement.

90. As a result of these practices, Defendant paid Plaintiff and all similarly situated employees less than the amount due under the law; that being $7.25 for all regular hours worked, and $10.875 for all overtime hours worked.

91. Defendant's actions and/or omissions were not in good faith.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and all others similarly situated:

A. An order equitably tolling all claims in this action to April 4, 2022, or to the date of the meeting with Tipped Employees in which Tony Ricci discouraged the exercising of their rights under the FLSA and IWPS;

B. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

C. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23;

D. Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to members of the

Collective Class;

  E.  Prompt notice of this litigation, pursuant to Fed. R. Civ. P. 23, to the Rule 23 Class;

  F.  A finding that Defendant has violated the FLSA and the IWPS and that Defendant has been unjustly enriched;

  G.  A finding that Defendant's violations of the FLSA and the IWPS are willful and not in good faith;

  H.  A judgment against Defendant and in favor of Plaintiff, the Collective Class, and the Rule 23 Class for compensation for all unpaid and underpaid wages and tips that Defendant has failed and refused to pay in violation of the FLSA and the IWPS;

  I.  A judgment against Defendant and in favor of Plaintiff and the Rule 23 Class for restitution for all earned tips kept by Defendant and by which Defendant was unjustly enriched;

  J.  Prejudgment and post-judgment interest to the fullest extent permitted under the law;

  K.  Liquidated damages, treble damages, and monetary penalties to the fullest extent permitted under the FLSA and IWPS;

  L.  Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA, the IWPS, and the Federal Rules of Civil Procedure; and,

  M.  Such other and further relief as this Court deems just and proper in equity and under the law.

## VIII.  JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: July 12, 2022

Respectfully submitted,

/s/ David W. Garrison
David W. Garrison (TN Bar No. 24968) *
Joshua A. Frank (TN Bar No. 33294) *
**BARRETT JOHNSTON MARTIN & GARRISON, LLC**
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

*Pro Hac Vice* Admission to be applied for

*Attorneys for Plaintiff*


s/ Jason P. Cleveland
Jason P. Cleveland, #24126-53
Eric J. Hartz, #29676-49
CLEVELAND LEHNER CASSIDY
6214 Carrollton Avenue, Suite 200
Indianapolis, IN 46220
Tel: 317-388-5424
Fax: 317-947-1863
jason@clcattorneys.com
eric@clcattorneys.com

*Attorneys for Plaintiff*